# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

DANNY EDWARD SIMMONS                                                     PLAINTIFF

v.                                         CIVIL ACTION NO. 3:09CV-P591-S

KENTUCKY PAROLE BOARD et al.                                DEFENDANTS

## MEMORANDUM OPINION

Plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the instant action will be dismissed.

## I.

Plaintiff is a convicted inmate currently incarcerated at the Green River Correctional Complex. As Defendants, he names the Kentucky Parole Board and eight of its members. He sues each Defendant in his or her individual and official capacities and seeks monetary and punitive damages, declaratory relief, and an injunction granting an immediate parole hearing.

In the complaint, Plaintiff challenges the regulations used during two parole hearings and the parole hearing panel's decisions regarding his parole eligibility dates. He advises that during his parole hearing on June 18, 1991, Defendant Helen Howard-Hughes was the chairperson and that Defendants Chester Hager, Phil Hazel, and James C. Rankin were members. Plaintiff reports that this hearing panel issued a twelve-year deferment, "when the maximum deferment the Parole Board could have gave [him] at one time could not exceed eight years when [his] crimes were committed in 1983." The second challenged parole hearing occurred on June 20, 2003, and consisted of Defendants Lutitia F. Papailler, Robert W. Milburn, and Verman Ray

Winburn, as members of the hearing panel, and Defendant John C. Coy, as chairperson. The 2003 panel issued a decision that Plaintiff serve out his life sentence.

Plaintiff raises three claims. First, he claims that the June 1991 and June 2003 parole board members violated Article I, §§ 9 and 10 of and the Fifth and Fourteenth Amendments to the U.S. Constitution "when they applied *ex post facto* the amended 1986-1998 version 501 KAR 1:030 § 3(c) to Plaintiff's parole eligibility date when 501 KAR 1:011 § 2 was the applicable policy in 1983," when Plaintiff pleaded guilty to his crimes. Second, Plaintiff claims that the June 2003 parole board's decision requiring Plaintiff to serve out his life sentence using the same factors it did at his 1991 parole hearing "was arbitrary, capricious and abuse of discretion" and violated due process under the Fifth and Fourteenth Amendments. Finally, Plaintiff claims that the members of the June 2003 parole board denied him his right to petition the government in violation of the First Amendment when they issued a "serve out" on his life sentence.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). The Supreme Court has recently held that when the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Plaintiff challenges the regulations used during and the outcomes of two parole board hearings - one on June 18, 1991, and the other on June 20, 2003. The one-year statute of limitations for the first hearing expired on June 18, 1992, and it expired on June 20, 2004, for the second hearing. Because Plaintiff did not file the complaint until August 10, 2009,[1] years after the expiration of each limitations period, his claims are time-barred, and the action must be dismissed.

---

[1] Under the "prison mailbox rule," "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Plaintiff certifies that the complaint was delivered to the prisoner mail system for mailing on August 10, 2009.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: February 22, 2010

Charles R. Simpson III, Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
4411.005